# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1182V
UNPUBLISHED

| | |
|---|---|
| JEFFERY ROWE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 8, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

  On September 1, 2017, Jeffery Rowe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left shoulder injuries as a result of a Tdap vaccine administered to him on July 26, 2016. Petition at 1. Petitioner further alleges that his injury lasted for more than six months. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On October 30, 2020, a ruling on entitlement was issued finding Petitioner entitled to compensation. On March 8, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $48,000.00 in actual pain and suffering, and $630.18 to satisfy a Michigan Department of Health and Human Services Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner**

A.  A lump sum payment of **$48,000.00**, representing compensation for pain and suffering, in the form of a check payable to Petitioner, Jeffery Rowe; and

B.  A lump sum payment of **$630.18**, representing compensation for satisfaction of a MDHHS Medicaid lien, payable jointly to Petitioner and

> **Michigan Department of Health and**
> **Human Services, and mailed to:**
> **Michigan Department of Health and Human Services**
> **Third Party Liability Division**
> **P.O. Box 30435**
> **Lansing, MI 48909**
> **ID #: 1067127373**
> **Attn: Christine Steel**

Petitioner agrees to endorse this payment to Michigan Department of Health and Human Services.

These amounts represent compensation for all damages that would be available under § 15(a).  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFERY ROWE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-1182V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 1, 2017, Jeffery Rowe ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleged that he suffered left shoulder injuries as a result of a Tdap vaccine administered on July 26, 2016. Petition at 1. On September 24, 2020, the Chief Special Master issued a fact finding "that [p]etitioner suffered the residual effects of his alleged vaccine-related injury for more than six months after vaccination, as required by the Vaccine Act." Fact Finding, ECF No. 63 at 2, 5-6. On October 30, 2020, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report advising that, in light of the Chief Special Master's factual finding that petitioner suffered the residual effects of his condition for more than six months, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. ECF No. 66 at 2, 5. The same day, the Chief Special Master entered a Ruling on Entitlement, finding petitioner entitled to Vaccine Act compensation for a Table SIRVA injury. ECF No. 67.

1

I.   **Items of Compensation**

    A.   <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $48,000.00 in actual pain and suffering.  Petitioner agrees.

    B.   <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy a Michigan Department of Health and Human Services ("MDHHS") Medicaid lien in the amount of $630.18, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the MDHHS may have against any individual as a result of any Medicaid payments the MDHHS has made to or on behalf of Jeffery Rowe from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about July 26, 2016, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[1]

II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a

---

[1] The parties have no objection to the amount of the proffered award of damages.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's October 30, 2020 entitlement decision.

2

lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:

    A.    A lump sum payment of $48,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner, Jeffery Rowe; and

    B.    A lump sum payment of $630.18, representing compensation for satisfaction of a MDHHS Medicaid lien, payable jointly to petitioner and Michigan Department of Health and Human Services, and mailed to:

> Michigan Department of Health and Human Services
> Third Party Liability Division
> P.O. Box 30435
> Lansing, MI 48909
> ID #: 1067127373
> Attn: Christine Steel

Petitioner agrees to endorse this payment to Michigan Department of Health and Human Services.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump sum payable to petitioner, Jeffery Rowe:    **$ 48,000.00**

    B.    Medicaid lien:    **$ 630.18**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  March 8, 2021